UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**FILED**
99 SEP 30 PM 2: 05
U.S. DISTRICT COURT
N.D. OF ALABAMA

SCOTTY LEE POSEY, )
)
    Plaintiff, )
)
vs. ) Civil Action No. CV-99-S-0282-NE
)
ATLANTA TESTING & ENGINEERING,)
INC.; ET AL., )
)
    Defendants. )

**ENTERED**
SEP 30 1999

## MEMORANDUM OPINION

This action is before the court on plaintiff's motion to quash a subpoena issued by defendant Atlanta Testing & Engineering, Inc. ("AT&E") to plaintiff's dentist, David G. Yokley, D.M.D. Defendant AT&E filed a response to plaintiff's motion. As detailed below, the court finds that plaintiff's motion is due to be denied as moot.

In their subpoena, defendant AT&E demands production of the following documents:

> All documents in its [sic] possession, custody or control, that discuss, describe, reflect or refer to Scotty Lee Posey, social security number 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, including but not limited to, those that discuss, describe, reflect, or refer to, analyze or draw dental conclusions for professional dental and/or consulting services rendered to Mr. Posey, whether in person or via telephone communications, from January 1988 through September 1998.

(Plaintiff's motion to quash at 1.)  Plaintiff objects to the

subpoena on the grounds that the requested documents are irrelevant and immaterial to the issues in this case.

In response, defendant AT&E contends that the subpoenaed documents are relevant. Specifically, defendant AT&E has attached a portion of plaintiff's daily log book, in which some of plaintiff's entries refer to sexually offensive statements allegedly made by plaintiff's supervisor in temporal proximity to several dental appointments. Defendant AT&E argues that the dental records will assist them in determining the credibility of plaintiff's log book. Additionally, defendant AT&E asserts that plaintiff's motion to quash is moot, as the requested records have already been supplied, and, although the subpoena requested records over a ten-year period, the proffered records begin in September 1998.

At the outset, the court notes that the requested documents have already been furnished to defendants. However, the court finds that the subpoena, as drafted, is overly broad, and the admissibility of the plaintiff's dental records is accordingly restricted as set forth below. Specifically, the court finds plaintiff's dental records to have limited relevance; namely, defendants are entitled to plaintiff's dental records for the sole purpose of verifying the dates and times of plaintiff's dental

2

appointments. Defendants are not entitled to rely on, or disseminate for any purpose, the contents of plaintiff's dental records (including, but not limited to, the procedures performed, treatment obtained, diagnosis rendered, or medical history disclosed), as the court finds such information to be irrelevant to the issues in this action.

Additionally, for the record, the court notes that the contested subpoena is also temporally broad, as it requests plaintiff's dental records covering a ten-year period, even though plaintiff's intermittent employment with defendant AT&E is limited to a two-year period. Because the furnished records merely encompass a one-year time span, however, the court finds this concern to be moot.

Based on the foregoing, the court finds that plaintiff's motion to quash is moot, as plaintiff's dentist has already supplied the requested documents. Even so, the court reminds defendants that their use of plaintiff's dental records is limited to those detailed above. An appropriate order consistent with this memorandum opinion will be entered contemporaneously herewith.

**DONE** this 30th day of September, 1999.

United States District Judge

3