```
              UNITED STATES DISTRICT COURT              FILED
              NORTHERN DISTRICT OF ALABAMA
                   NORTHEASTERN DIVISION            00 MAR 28 PM 1:43

SCOTTY LEE POSEY,               )                   U.S. DISTRICT COURT
                                )                    N.D. OF ALABAMA
     Plaintiff,                 )
                                )
vs.                             )   Civil Action No. CV-99-S-282-NE
                                )
ATLANTA TESTING &               )        Entered
ENGINEERING, INC., d/b/a        )
GROUND ENGINEERING &            )        03/28/00
TESTING SERVICE, INC., and      )
KEVIN BURT,                     )
                                )
     Defendants.                )
```

## MEMORANDUM OPINION

This action is before the court on defendants' motions for summary judgment (Doc. Nos. 30 & 32). Plaintiff failed to respond to those motions. Upon review of the motions, defendants' briefs and evidentiary submissions, as well as the pleadings, the court finds that defendants' motions are due to be granted.

### I. FACTUAL BACKGROUND

Plaintiff, Scotty Lee Posey, was employed by defendant Atlanta Testing & Engineering beginning in July of 1996. (*See* Complaint (Doc. No. 1) ¶ 9.) Posey alleges he was subjected to unwelcome sexual harassment by a co-worker, defendant Kevin Burt, from July of 1997 to September of 1998. (*See id.* ¶ 11.) Posey further contends he complained to management officials of Atlanta Testing & Engineering about the unwelcome sexual advances, but no remedial

or corrective action was taken. (*See id.* ¶ 14.) Posey resigned his employment with Atlanta Testing & Engineering on September 21, 1998, allegedly "due to the hostile and intolerable working environment." (*Id.* ¶ 15.)

Posey filed a charge of discrimination with the EEOC shortly after his resignation, which asserted that Atlanta Testing & Engineering had discriminated against him on the basis of sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991. He contended the sexually hostile work environment at Atlanta Testing & Engineering led to his constructive discharge from the company. After receiving notice of a right to sue, Posey commenced this action on February 8, 1999. In addition to his Title VII claim against Atlanta Testing & Engineering, he seeks to hold that defendant liable for negligent supervision and retention. He further contends both defendants unlawfully invaded his privacy.

## II. DISCUSSION

Plaintiff has not responded to defendants' motions. The court notes plaintiff was given notice of the dates by which he should submit any materials in opposition to defendants' motions. *See* Submission order relating to defendant Atlanta Testing &

Engineering's motion for summary judgment (Doc. No. 31) and submission order relating to defendant Kevin Burt's motion for summary judgment (Doc. No. 33). Therefore, it cannot be seriously contended that plaintiff was unaware of his burdens under Federal Rule of Civil Procedure 56.

Further, when a motion for summary judgment is made and supported as provided by the Federal Rules of Civil Procedure,

> an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). "There is no genuine issue for trial unless the non-moving party establishes, through the record presented to the court, that it is able to prove evidence sufficient for a jury to return a verdict in its favor." *Cohen v. United American Bank of Central Florida*, 83 F.3d 1347, 1349 (11th Cir. 1996) (affirming grant of summary judgment where non-movant did not adduce evidence is support of claim and filed to "supplement the allegations of the complaint with affidavits, file a memorandum in opposition to the motion for summary judgment, or otherwise comply with Rule 56(e) on a timely basis").

3

Defendants argue summary judgment is due to be granted as to each of plaintiff's claims. Viewing the evidence in a light most favorable to plaintiff, this court concludes defendants' arguments are correct as to all of plaintiff's claims. Moreover, as plaintiff has made no effort to supplement the record or otherwise meet his Rule 56 burden, despite notice that he should do so, summary judgment is appropriate. Accordingly, the court adopts defendants' arguments as its own, and finds defendants' motions are due to be granted on the grounds stated therein. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this **28th** day of March, 2000.

_____
United States District Judge

4